### DORCAS PORTER ET AL. *versus* JUDE BEAN.

An attorney, if a "reputable freeholder," is a competent appraiser of land to satisfy a judgment in an action which he had conducted.

THIS was a writ of entry by the demandants, as heirs of *Emerson Porter*, who was alleged to have been seized of the premises within the last twenty years.

The tenant pleaded, that he had never disseized the said *Emerson Porter ;* and at the trial here, September term, 1818, the demandant offered in evidence a judgment against the tenant, which was in favour of *Emerson Porter*, and which was recovered at the court of common pleas in this county, January term, 1816. On this an execution had issued, by

Porter & al.
vs.
Bean.

which the demanded premises appear to have been duly extended unless the proceedings were void, because the attorney for *Emerson Porter* in obtaining the judgment had acted as his appraiser, and had also administered the oath to the other appraisers.  But the papers were permitted to go to the jury, and a verdict was returned for the demandants, subject to the opinion of the court on the above exceptions.

*S. Moody* for the demandants.

*Hale* for the tenant.

WOODBURY, J. delivered the opinion of the court.

We have already decided that the creditor himself may swear appraisers ;* *a fortiori*, then, his attorney can do it.

---

\* HILLSBOROUGH, APRIL TERM, 1818.

### CHARLES H. ATHERTON *versus* J. JONES.

THIS was a writ of entry.  The demandant counted on his own seizin within the last twenty years : and at the trial here, October term, 1817, upon the general issue, offered in evidence the levy of an execution on the demanded premises.

The tenant objected to its admission, for three reasons :

1st. That the creditor in the execution, being a justice of the peace, administered the oath to the appraisers.

2d. That the officer's return omitted to state that the above oath was administered, though the fact appeared from the certificate of the justice on the back of the execution.

3d. That the levy embraced three separate parcels of land appraised at one sum, instead of three separate sums.

The levy was permitted to go to the jury, and a verdict was returned for the demandant, subject to the opinion of the court on the above objections.

*Atherton* pro se.

*S. K. Livermore* for the tenant.

WOODBURY, J. delivered the opinion of the court.

The first objection, that the levy is defective because the oath to the appraisers was administered by the creditor, cannot be supported by the language of the statute, or by any general principle.

The "Act(1) subjecting lands and tenements to the payment of debts," provides (1) *Statute,* 181. that the appraisers may be sworn " by any justice of the peace."  It does not require the justice, like the appraisers, to be impartial, disinterested, or " reputable."  His duty in administering the oath is not judicial, but so far an act of a ministerial character, that should he perform it in an improper manner, or make a false certificate of his doings, an impeachment could be sustained against him, and also an action for any injury which might flow from his malconduct.

It was, perhaps, never imagined that the obligations of a witness or juror, if sworn by the clerk of the court in an action where he was a party, would by

Porter & al.
*vs.*
Bean.

But the other objection is of a different nature ; and because the attorney is competent to perform a ministerial act it does not follow that he is a proper person to dicharge judicial duties. These last should be performed by persons unimpeached and unimpeachable. Jurors, for instance, are required to be *omni exceptione majores :* and it is an express cause for a challenge *propter affectum,* that the person challenged has been counsel for one of the parties(1).

(1) 3 *Bc. C.*363. —*Co. Lit.* 157,*b.*

It is doubtful whether at common law the same freedom from partiality or suspicion was required in judges as in jurors(2).

(2) 2 *Mod.* 151, *Townsend* vs. *Hughs.* — *Tidd,* 269.—2 *D. & E.* 318. — *Smith's Wth. Nat. B.,* 2 *Ch.* 1 *pt.* 2*d.*—*Com. Dig., Justice, J.* 1.

But in this age it would not be tolerated that judges should sit in causes in which they possessed a direct inter-

---

that circumstance be invalidated. In *Atherton* vs. *Straton, Hills.,* December, 1815, the court were inclined to our present opinion ; and in *Barnard* vs. *Fisher* (2) it is stated, as an additional reason for this conclusion, that the name of the justice who administered the oath need not appear in the levy, if the officer return that the appraisers were sworn.

(2) 7 *Mass. R.* 71.

That the officer must return this fact in a formal manner, either omitting or reciting the name of the justice, is the ground of the second objection. It is true, that he may so return it, but we think he may also return it in substance by making the certificate of the justice a part of the levy. That he has done in this case : and such a course is here warranted both by practice and decisions. The third objection might be insuperable, if the debtor possessed a right, when several separate parcels of land were set off under one execution, to redeem any of them, and leave the remainder unredeemed. It would not then be possible, from the face of the proceedings, to distinguish the appraised value of each parcel. But the debtor possesses no such right. The proviso of the first section of our statute, which gives him the liberty to redeem, gives it only on the condition that he tender and pay " the full of the debt and charges mentioned in such execution."(3)

(3) *Statute,* 183.

If in chancery the practice is otherwise as to mortgaged estates, as seems inferable from some cases,(4) it results from the equitable interference and jurisdiction of that court, and cannot in a common law tribunal alter the construction of the express language of a statute.

(4) *Pow. Mortg.* "*Redemption.*"

As no reason, then, exists in favour of the debtor, which requires that the levy should state the precise sum at which each parcel was appraised, the 3d objection cannot prevail. We can foresee, however, some advantages to the creditor in the other mode, if the title to only some part of the pieces of land should fail : and for his benefit we should think it advisable for officers to cause the value of each parcel to be separately returned. On this point the case of *Whitney* and *Lawrence, Hills.,* 1799, is said to be an authority, and *Barnard* vs. *Fisher,* before mentioned, countenances the same doctrine.

*Let judgment be entered on the verdict.*

est ;(3) and our constitution (*page* 20) forbids them to act both as counsel and judge.—*Stat.* 103.

The duty of an appraiser is of a judicial nature, and those who accept the appointment are sworn "faithfully and impartially to appraise the lands of the debtor." Were the attorney then always invested with a pecuniary interest in the judgment, and were his duties as an attorney not terminated in most cases by the rendition of judgment, he might on general principles be an incompetent appraiser.

On the face of these proceedings, however, this attorney appears to have had no pecuniary interest in the judgment beyond what all attornies possess. In *England* they have a lien upon the judgment for their costs. But whether such be or be not the law in this state, the costs of the action under which this extent was made had, for aught which appears, been paid to the attorney before the commencement of the levy. The lien, also, is a claim of such a nature as can be set up by the attorney alone, and the continuance of which will not, at the request of third persons, be presumed in order to defeat proceedings otherwise valid. The conduct of the attorney, too, might here be deemed a waiver of his lien ; for he has assisted in setting off land to the creditor alone to the full amount of the judgment(4). Nor has an exception founded on his lien ever prevailed to prevent him from being a witness for his client, though in that case it would seem much more plausible. In relation to the other point, the duties of an attorney, as a general principle, cease on the recovery of judgment(5). The rights in controversy are then settled. After that, whatever is communicated to him cannot be kept secret under the privilege of professional confidence(6).

It follows, therefore, that though he may proceed to perform other duties for his client in relation to the subsequent proceedings, yet after judgment the connection of client and attorney will not be presumed to continue ; and, if existing, must be proved by some express evidence.

The return in this case may be thought to furnish such evidence, as the same person who conducted the original

Porter & al.
*vs.*
Bean.

(3) 13 *Mass. R.* 324, *Pierce* vs. *Atwood.*

(4) *Tidd*, 278

(5) *Com. Att.B.* 10.—2 *Inst.* 378. —8 *John.* 366, *Jackson* vs. *Bartlett.*

(6) 4 *D. & E.* 431, *Cobden* vs. *Kendrick.*

*Porter & al.*
*vs.*
*Bean.*

*action* is stated to have received possession of the land as attorney of the creditor. In this last instance, however, the word *attorney* does not of necessity imply the continuance of any professional relation between the parties, but only the relation of an ordinary principal and agent.

If the above reasoning was unsound, it might still deserve consideration whether an attorney ought in this state to be deemed an incompetent appraiser, merely on account of his professional relation to the parties in the judgment.

The title in this case is by statute; and a conformity to its provisions, whatever they may be, must insure the validity of the title(11).

(11) *Sullivan* vs. *M'Keen, Rock.,* *Feb.* 1819.

The only requisitions in the statute are, that the appraisers should be "reputable freeholders, and residents in the county"(12.)

(12) *Statute* 182.

Here the officer has returned, that such were the qualifications of all the appraisers; and though it appears that one of them was an attorney to the creditor, that circumstance does not negative the fact of his having been "reputable," but *ought* rather to fortify the return, that he was reputable; or, in other terms, not infamous.

To extend the meaning of the word "reputable" beyond its obvious signification might, in the construction of remedial statutes, be justified. Even here, could any evil result from an adherence to the usual definition of this word, we might be warranted to make its meaning so general as to exclude every person from being an appraiser, who, on established principles, was not qualified to perform judicial duties between the parties to the judgment.

But the decision of an appraiser is not like that of a juror on the litigated rights of the parties; nor does it conclude the debtor as to the value of the land. If dissatisfied with the appraisal, he may redeem within a year, and thus avoid the effects of any supposed influence which an attorney of the creditor may have felt against him. That influence, too, must in general be imaginary, as the other two appraisers are an effectual check, and are aided by the solemnity of an oath upon him to conduct with impartiality.

Considering, then, that no evil exists which requires for its removal an extended construction of the statute, we should not here, or in any other similar case, feel warranted to make such a construction, and thus defeat many titles in this state which are said to have been acquired under similar extents. The permission of each of the parties to choose an appraiser is a striking circumstance to show that an analogy between them and jurors was not intended to be preserved,(9) as the sheriff, if interested, cannot even impannel jurors, much less select them from the town clerk's box. Yet our opinion has always been against the delicacy and professional propriety of the practice for attornies to act as appraisers in suits which they instituted ; and the continuance of this practice cannot be tolerated.

We have met with no decisions which illustrate the question. Those in *Massachusetts* and *Connecticut*(10) rest on the peculiar phraseology of their statutes, which differ much from ours, and which perhaps deserve to be copied. But for the reasons before suggested, coupled with the peculiar language of our statute, we are satisfied that the former attorney of the creditor cannot, on the face of this return, be adjudged an incompetent appraiser.

*Judgment on the verdict.*

Porter & al.
*vs.*
Bean.

(9) *Statute* 182.

(10) 11 *Mass. R.* 468.—1 *Day* 109.

ROCKINGHAM, FEBRUARY TERM, 1819.